UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): **14-3123**

Motion for: **Request for Judicial Notice**

Caption [use short title]

**CBS BROADCASTING, INC., ET AL.,**
Plaintiffs-Appellees,

against

**FILMON.COM, INC. and ALKIVIADES DAVID,**
Defendants-Appellants.

Set forth below precise, complete statement of relief sought:
Request for the Court to take judicial notice of public statements by the Chairman of the Federal Communications Commission ("FCC"), Tom Wheeler. Exhibit A attached to request.

MOVING PARTY: **FilmOn.com, Inc. & Alkiviades David**
[ ] Plaintiff  [✓] Defendant
[✓] Appellant/Petitioner  [ ] Appellee/Respondent

OPPOSING PARTY: **Appellees - CBS Broadcasting, Inc., et al.**

MOVING ATTORNEY: **Ryan G. Baker**
OPPOSING ATTORNEY: **Julie A. Shepard**
[name of attorney, with firm, address, phone number and e-mail]

**Baker Marquart LLP**
10990 Wilshire Blvd., 4th Floor, Los Angeles, CA 90024
(424) 652-7800; rbaker@bakermarquart.com

**Jenner & Block**
633 West 5th St., Suite 3600, Los Angeles, CA 90071
(213) 239-5100; jshepard@jenner.com

Court-Judge/Agency appealed from: **United States District Court for the Southern District of New York, Judge Buchwald**

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes [ ] No (explain):_____

Opposing counsel's position on motion:
[ ] Unopposed [ ] Opposed [✓] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes [ ] No [✓] Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:
Has request for relief been made below? [ ] Yes [ ] No
Has this relief been previously sought in this Court? [ ] Yes [ ] No
Requested return date and explanation of emergency:_____

Is oral argument on motion requested? [ ] Yes [✓] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [✓] No If yes, enter date:_____

Signature of Moving Attorney:
_____ Date: 12/5/2014   Service by: [✓] CM/ECF [ ] Other [Attach proof of service]

Form T-1080 (rev. 12-13)

# 14-3123-cv

IN THE

# United States Court of Appeals

**FOR THE SECOND CIRCUIT**

CBS BROADCASTING INC., NBC STUDIOS, INC., UNIVERSAL NETWORK TELEVISION, LLC, NBC SUBSIDIARY (KNBCTV), INC., TWENTIETH CENTURY FOX FILM CORPORATION, FOX TELEVISION STATIONS, INC., ABC HOLDING COMPANY, INC., DISNEY ENTERPRISES, INC., NBC STUDIOS LLC, NBC SUBSIDIARY (KNBCTV) LLC, AMERICAN BROADCASTING COMPANIES, INC., BIG TICKET TELEVISION, INC., CBS STUDIOS INC., OPEN 4 BUSINESS PRODUCTIONS LLC,

*Plaintiffs-Appellees,*

—against—

FILMON.COM, INC.,

*Defendant-Appellant,*

ALKIVIADES DAVID,

*Respondent-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

### APPELLANTS' REQUEST FOR JUDICIAL NOTICE

RYAN G. BAKER
BAKER MARQUART LLP
10990 Wilshire Boulevard, 4th Floor
Los Angeles, California 90024
(424) 652-7800

*Attorneys for Appellants*

## APPELLANT'S REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant-Appellant FilmOn.com, Inc. ("FilmOn") and Non-Party-Appellant Alkiviades David ("David," and, with FilmOn, "Appellants") respectfully request that the Court take judicial notice of public statements by the Chairman of the Federal Communications Commission ("FCC"), Tom Wheeler. Those statements, which were published on the FCC's website, are relevant to a determination of whether FilmOn's interpretation of the Supreme Court's decision in *Am. Broad. Companies, Inc. v. Aereo, Inc.*, 134 S.Ct. 2498 (2014), necessarily meant FilmOn X could no longer transmit broadcast programming in the Second Circuit. As Chairman Wheeler's comments illustrate, the legal and technological landscape is in flux. Although Chairman Wheeler's comments were published after FilmOn was found to be in contempt, his statements are still probative to show the existence of different opinions on issues argued in the district court. At a minimum, those differing opinions go to a determination of willfulness.

Under Rule 201, courts shall take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information, if it is not subject to reasonable dispute because either it is: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready

determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).

It is well established that websites, particularly government websites, are the proper subject of judicial notice. *See United States v. Akinrosotu*, 637 F.3d 165, 168 (2d Cir. 2011) (taking judicial notice of a website); *see also Small v. New York City Transit Authority*, No. CV 2003-2139 (E.D.N.Y. 2014) ("A court may take judicial notice of a website.").

Exhibit A to this request is a printout of statements made by the FCC Chairman Tom Wheeler posted on the FCC's government website, www.fcc.gov. This print-out contains statements published by Mr. Wheeler that are not subject to reasonable dispute.

For the reasons set forth above, FilmOn and David respectfully requite the court to take judicial notice of the following document:

**Exhibit A**:
.
Print out of Wheeler, Tom (FCC Chairman), "Tech Transitions, Video, and the Future," October 28, 2014, 01:48 PM posted on the Official FCC Blog, *available at*, http://www.fcc.gov/blog/tech-transitions-video-and-future, last accessed December 4, 2014.

## **Conclusion**

For the foregoing reasons, the Court should grant this request and take judicial notice of the attached exhibit.

By:

/s/     Ryan G. Baker
Ryan G. Baker
Baker Marquart LLP
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California 90024
Telephone: (424) 652-7800
Fax: (424) 652-7850
E-Mail: rbaker@bakermarquart.com

Counsel for Appellants FilmOn.com, Inc. and Alkivaides David

Dated: December 5, 2014

# Exhibit A



Federal Communications Commission



Home / The FCC / Blog / Tech Transitions, Video, and the Future

## Official FCC Blog

Print   Email

### Tech Transitions, Video, and the Future
**by: Tom Wheeler, FCC Chairman**
October 28, 2014 - 01:48 PM

Consumers have long complained about how their cable service forces them to buy channels they never watch.  The move of video onto the Internet can do something about that frustration – but first Internet video services need access to the programs.  Today the FCC takes the first step to open access to cable programs as well as local television.  The result should be to give consumers more alternatives from which to choose so they can buy the programs they want.

In 1992 Congress realized that the then-nascent satellite industry would have a hard time competing because much cable programming was owned by cable companies who frequently kept it from competitors.  Congress mandated access to cable channels for satellite services, and competition flourished.  Today I am proposing to extend the same concept to the providers of linear, Internet-based services; to encourage new video alternatives by opening up access to content previously locked on cable channels.  What could these over-the-top video providers (OTTs) supply to consumers?  Many different kinds of multichannel video packages designed for different tastes and preferences.  A better ability for a consumer to order the channels he or she wants to watch.

So-called linear channels, which offer the viewer a prescheduled lineup of programs, have been the largely exclusive purview of over-the-air broadcasting, cable, and satellite TV.  But these kinds of packages of programming are coming to the Web as well.  DISH has said that it intends to launch an online service that may include smaller programming bundles. And it has already begun offering foreign language channels online.  Sony, DIRECTV, and Verizon are also in the hunt.  Recently, CBS announced a streaming service that includes linear channels, separate from cable subscriptions; and the new HBO service may as well.

The mantra "Competition, Competition, Competition" fits perfectly with consumers' desires for video choices.  That's why I'm asking my fellow Commissioners to update video competition rules so our rules won't act as a barrier to this kind of innovation.  Specifically, I am asking the Commission to start a rulemaking proceeding in which we would modernize our interpretation of the term "multichannel video programming distributor" (MVPD) so that it is technology-neutral.  The result of this technical adjustment will be to give MVPDs that use the Internet (or any other method of transmission) the same access to programming owned by cable operators and the same ability to negotiate to carry broadcast TV stations that Congress gave to satellite systems in order to ensure competitive video markets.

A key component of rules that spur competition is assuring the FCC's rules are technology-neutral.  That's why the definition of an MVPD should turn on the services that a provider offers, not on how those services reach viewers.  Twenty-first century consumers shouldn't be shackled to rules that only recognize 20th century technology.

Much of the focus of discussion about technology transitions has been on telecommunications, but video is transitioning too.  Over-the-air TV has already moved from analog to digital transmission.  And cable systems – already the dominant providers of high speed broadband – are moving their traditional services to IP-based delivery.  This proposal recognizes that a cable system would continue to be regulated as a cable system, even if it migrates to IP delivery.

The Commission established in our January Tech Transitions Order that the best way to speed the adoption of new technologies is to assure consumers that enduring values will be protected, including competition.  That applies to video as well as telecommunications.  By making our rules technology neutral, we can encourage both new video providers and incumbent cable operators to take advantage of the benefits of IP transmission, boosting competition.

In our Open Internet proceeding, we seek to assure open access to broadband delivery.  In this proceeding, we will address access to programming for those taking advantage of that open access.  These new business models can bring new choices and advantages to consumers.

In Title VI of the Communications Act, Congress created rules to ensure that cable companies that own video content can't raise artificial barriers to competition by refusing to let their video competitors have access to the programming they own.  That worked for satellite providers, and also helped telephone companies entering the video business.  I believe it makes just as much sense – and will have just as positive a consumer benefit – for an OTT.

Such benefits follow from innovation.  Taking advantage of this rule, new OTTs may offer smaller or specialized packages of video programming, so consumers will be able to mix-and-match to suit their tastes.  Aereo recently visited the Commission to make exactly this point – that updating the definition of an MVPD will provide consumers with new choices.  And perhaps consumers will not be forced to pay for channels they never watch.

Opening up program access will also stimulate the high-speed broadband buildout.  In September, I detailed how limited today's competition for high-speed fixed broadband in the United States is – about 75 percent of American homes have either zero or only one broadband network delivering speeds of 25 Mbps downstream/3 Mbps upstream or better.  Those seeking to deploy new competitive broadband networks tell us that it's hard to provide new high-speed Internet access without also being able to offer a competitive video package as well.  An updated definition of MVPD would permit a new broadband competitor to offer customers the ability to reach a variety of OTT video packages without necessarily having to enter the video business itself.

We have passed from an era where it was necessary to build a purpose-specific pathway to deliver video.  The innovation of Internet Protocol (IP) has freed video from these closed pathways and single-purpose devices.  The proposal put forth today will update FCC rules to recognize this new reality and, as a result, expand competition and consumer choice.

Updated: October 28, 2014 - 03:05 PM

blog comments powered by Disqus

**Posted in**

Connecting America        Consumers        FCC Reform        Internet

Federal Communications Commission
445 12th Street SW, Washington, DC 20554
Phone: 1-888-225-5322
TTY: 1-888-835-5322
Videophone: 1-844-432-2275
Fax: 1-866-418-0232
Contact Us

| | |
|---|---|
| Privacy Policy | FCC Digital Strategy |
| Moderation Policy | Open Government Directive |
| Website Policies & Notices | Plain Writing Act |
| Required Browser & Plug-ins | 2009 Recovery and Reinvestment Act |
| FOIA | RSS Feeds & Email Updates |
| No Fear Act Data | Disability Rights |